JOHN T. GORMAN
Federal Public Defender
District of Guam

KIM SAVO
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
HAROLD J. CRUZ



FILED
DISTRICT COURT OF GUAM
JUN 10 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. No. 05-00007 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S PROPOSED VOIR DIRE |
| | ) | QUESTIONS |
| vs. | ) | |
| | ) | |
| HAROLD J. CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, HAROLD J. CRUZ, by and through his attorney of record, Assistant Federal Public Defender Kim Savo, requests that this Honorable Court include the following questions in its voir dire of the jury,

//



//

and requests that the Court allow attorney-conducted voir dire.[1]

DATED: Mongmong, Guam, June 9, 2005.

_____
KIM SAVO
Attorney for Defendant
HAROLD J. CRUZ

---

[1] Rule 24(a) of the Federal Rules of Criminal Procedure permits attorney participation in voir dire. Participation in voir dire by defense counsel is necessary and helpful to discern prospective juror biases and prejudices which jurors might be less likely to reveal under inquiry from the court, whose very status and position may suggest to jurors that impartiality is appropriate notwithstanding the juror's actual feelings. See United States v. Baldwin, 607 F.2d 1295, 1297 (9th Cir. 1979) (parties have right to some surface information about prospective jurors which might furnish the basis for an informed exercise of either for-cause or peremptory challenges); United States v. Ible, 630 F.2d 389, 395 (5th Cir. 1980),n. 8, (encouraging emerging practice in trial courts: trial judge explains basic information regarding the case, and then turns questioning over to trial counsel); United States v. Rossbach, 701 F.2d 713, 717, n.2(8th Cir. 1983)(Judge Lay encouraged district courts to permit trial counsel to conduct a personal voir dire of every juror, as the lawyers are "much more conversant with their case than the trial judge"); See also Padawer-Singer, Voir Dire By Two Lawyers: An Essential Safeguard, 57 Judicature 386 (1974); Jones, Judge Versus Attorney-Conducted Voir Dire: An Empirical Investigation Of Juror Candor, 11 Law And Human Behavior 131 (June 1987)

2

A. **BURDEN OF PROOF**

1. Do you think that it is right that the government has the burden of proof?

2. Do you think that the defendant should have to provide you with evidence that he did not commit the crime?

3. Do you think that proof beyond a reasonable doubt is too high a standard for the government to prove the defendant guilty?

4. Do you think that too many guilty people go free?

B. **PRESUMPTION OF INNOCENCE**

5. Do you think that because a defendant has been arrested for a crime that he is probably guilty?

6. If the defendant decides not to testify, would that make you think he was probably guilty?

7. Some people feel that an innocent person should testify on his behalf; other people feel that there are very legitimate reasons why people should choose not to testify on their behalf? What do you think?

8. Do you think that the defendant should have to prove that he did not commit the crime?

C. **EXPERIENCE WITH HUNTING**

9. Are any of you opposed on principle to the possession of firearms by individuals?

10. Do any of you hunt?

3

**D.     EXPERIENCE WITH THE MILITARY**

11.     Do you feel a loyalty to the United States Air Force or to the armed services in general that would prevent you from being an impartial juror?

4

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on June 10, 2005:

JOSEPH TOCK
Special Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, June 10, 2005.

Alexander A. Modaber
Investigator

KIM SAVO
Attorney for Defendant
HAROLD J. CRUZ